```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
```
ABIMAEL MURCIA GUARDADO,
*individually and on behalf of all others
similarly situated*

                Plaintiff,

                                                     **ORDER**
        v.                                                   23-CV-3643-SJB-AYS

EL MANGO DELI GROCERY CORP. and
DELMI AVELAR,

                Defendants.
```
-----------------------------------------------------------------X
```
**BULSARA, United States District Judge:**

       Plaintiff Abimael Murcia Guardado ("Guardado") filed this action against Defendants El Mango Deli Grocery Corp. and Delmi Avelar (collectively, "Defendants") for alleged violations of wage and hour laws under the Fair Labor Standards Act and state labor laws.  (*See* Compl. filed May 16, 2023, Dkt. No. 1).  Plaintiff Sandra Chacon ("Chacon") then joined the suit.  (Consent to Join Collective Action filed Aug. 22, 2023, Dkt. No. 13).  In March, the Court scheduled this case for trial to commence on June 23, 2025.  (Jury Selection & Trial Order dated Mar. 4, 2025).

       But shortly before trial, counsel for Guardado and Chacon sought to withdraw, citing a breakdown in the attorney-client relationship and an inability to communicate with their clients.  (Aff. in Supp. of Mot. to Withdraw filed May 28, 2025, Dkt. No. 34-1 ¶¶ 4–5).  Counsel notified Guardado and Chacon of the withdrawal request and provided them the relevant orders setting a hearing on the motion.  (Aff. of Service filed May 29, 2025, Dkt. No. 36; Aff. of Service filed June 11, 2025, Dkt. No. 38).  The Court

granted the withdrawal request at a hearing at which Guardado and Chacon failed to appear. (Order dated July 8, 2025). The Court stayed the matter for 30 days to allow Plaintiffs to obtain new counsel or proceed pro se, and warned Guardado and Chacon that they needed to inform the Court how they would proceed, else risk a recommendation that the case be dismissed for failure to prosecute. (*Id.*). That Order was served on Guardado and Chacon. (Aff. of Service filed July 8, 2025, Dkt. No. 39). Plaintiffs' counsel submitted a letter reporting that they attempted to call both Guardado and Chacon, but their calls went straight to voicemail. (Letter filed July 14, 2025, Dkt. No. 41).

After more than three months without any communication from Guardado or Chacon, Magistrate Judge Shields issued a *sua sponte* Report and Recommendation ("R&R") that the case be dismissed with prejudice for lack of prosecution. (R. & R. filed Oct. 21, 2025, Dkt. No. 42 at 5). Defendants filed proof of service of the R&R on Chacon and Guardado. (Aff. of Service filed Oct. 21, 2025, Dkt. No. 43). No party filed objections.

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). For dispositive matters, if a party timely objects to the magistrate judge's recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Miller v.*

2

*Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).  If no objections have been made, the district court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("Where . . . a party receives clear notice of the consequences of not objecting to a report and recommendation, the party's failure to object to any purported error or omission in a magistrate judge's report results in the district court's review only for clear error[.]").  The clear error standard also applies when a "party makes only conclusory or general objections," or "when the objections are nonspecific or merely perfunctory responses."  *Miller*, 43 F.4th at 120.

    Judge Shields recommended that this case be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).  No party objected, so the Court reviews only for clear error.  Since the withdrawal of Plaintiffs' counsel in July, a period of more than four months, the Court has not received any indication from Guardado or Chacon of any intent to proceed with this case.  Accordingly, having reviewed Judge Shields's opinion and finding no error, let alone any clear error, the R&R is adopted in its entirety and the case is dismissed with prejudice for failure to prosecute.  The Clerk of Court is respectfully directed to close this case.

                                                  SO ORDERED.

                                                  */s/ Sanket J. Bulsara*
                                                  SANKET J. BULSARA
                                                  United States District Judge

Date:  December 9, 2025
           Central Islip, New York